UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| TONY D. PARKS, <br><br> Plaintiff, <br><br> v. <br><br> GIANT OF MARYLAND, LLC, <br><br> Defendant. | Case No. 1:17-cv-00825-TNM |

## MEMORANDUM OPINION

Tony D. Parks was formerly employed at various grocery stores owned by Giant of Maryland, LLC. On April 3, 2017, he brought a *pro se* suit against Giant in D.C. Superior Court, alleging that after being promoted he "was not given the proper raise," and after he filed a "retaliation suit" he was "threaten[ed] by a manager[,] transferred and written up then terminated." Notice of Removal, Ex. A at 7 (hereinafter Complaint). Giant removed to this Court and then moved to dismiss, arguing that Mr. Parks' claims were completely preempted by federal labor laws. Mem. In Support of Mot. Dismiss 5-9 (Mot. Dismiss). For the reasons that follow, I conclude that Mr. Parks' pay claims survive the motion to dismiss, but that his other claims must be dismissed.

## I. Background

Mr. Parks' hand-written complaint consists of only a single paragraph, alleging that his problems began when he was working as "a shop steward . . . for Giant" and he observed a manager "stealing hours." Compl. 7. When Mr. Parks informed human resources, the manager tried to fire him, but "the NLB (national labor board) [sic] stepped in and they transferred [him]. [He] was commended and promoted for [his] good work but was not given the proper raise." *Id.*

1

Mr. Parks "complained to H.R." but "they denied [his] promotional raise." *Id.* Mr. Parks then "complain[ed] and filed [a] retaliation suit," after which he "was threatened by a manager[,] transferred and written up[,] then terminated." *Id.*

In response to Giant's motion to dismiss, Mr. Parks submitted a filing that summarized his original allegations in more detail and added other factual claims, including that Giant "started putting [his] life in danger and not letting [him] practice [his] religion." Response to Mot. Dismiss 1-2 (hereinafter Opp.). He also discussed the union's involvement, saying that the "case manager" filing his "multiple NLB [sic] charges" "had a heavy work load and couldn't get to it at first [and] also we had to keep adjusting it" and that he "went to the Union on all occasion[s] and unfortunately they were unable to help me[.] [T]his is the reason why I had to seek outside help[.]" Opp. 3. In a further filing, Mr. Parks again summarized all of his prior allegations and claimed that "[a]s for the Union they are in bed with the company and have always been no help[.] [I]t's the reason I have to depend on outside help." Am. Response 3.

## II. Legal Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim crosses from conceivable to plausible when it contains factual allegations that, if proved, would 'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (alteration omitted) (quoting *Iqbal*, 556 U.S. at 678). In this inquiry, a court must "draw all reasonable inferences from those allegations in the plaintiff's favor." *Id.*

## III. Analysis

**A. The Claims At Issue**

At the outset, I must consider which allegations are to be considered: those in the initial complaint alone, or those claims as supplemented by the Plaintiff's subsequent filings. I conclude that the latter course is clearly appropriate here, in light of Mr. Parks' pro se status and the applicable case law.

Ordinarily, "[i]n determining whether a complaint fails to state a claim, we may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which we may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). However, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts may "consider supplemental material filed by a pro se litigant in order to clarify the precise claims being urged." *Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007). In at least two circumstances, the D.C. Circuit has held that a district court abused its discretion "in failing to consider a pro se litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (quoting *Richardson v. United States*, 193 F.3d 545, 548 (D.C.Cir.1999)). Both *Brown* and *Richardson* found it significant that allowing the plaintiff to effectively amend his complaint would cause the defendant no prejudice, *id.*; *Richardson*, 193 F.3d at 549, and Giant here makes no claim of prejudice. *See* Response [Dkt. # 12] 1-7. Accordingly, I will consider the

3

complaint's allegations that Mr. Parks was inappropriately denied a raise and subjected to retaliation for filing suit, as well as the additional allegations raised in his subsequent filings.[1]

**B. Plaintiff's Pay Claims Survive**

The first claims at issue are Mr. Park's claims that he was "denied [his] promotional raise," Compl. 7, a loss that originally caused him to lose "seventy five (75¢) a[n] hour" and "[n]ow" causes him to "lose a dollar . . . a[n] hour." Opp. 2. Giant contends that this type of claim "necessarily relies on an interpretation of the wage provisions in the collective bargaining agreement [CBA] between Giant and the United Food & Commercial Workers, Local 400 that governed the terms of Plaintiff's employment." Mot. Dismiss 1. If the terms of Mr. Parks' employment are indeed determined by this CBA, then "that claim must either be treated as a [Labor Management Relations Act] § 301 claim or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985); *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 399-400 (1988) ("If the resolution of a state law claim depends upon the meaning of a collective bargaining agreement, the application of state law . . . is preempted and federal labor law principles necessarily uniform throughout the Nation must be employed to resolve the dispute."). But even if I construe Mr. Parks' claims as invoking Section 301, Giant argues that "[a] n employee covered by a CBA cannot sue his employer under Section 301 unless he has first exhausted his contractual grievance and arbitration remedies and/or he

---

[1] Although Mr. Parks stretches the issue by filing not only an opposition, but also an "Amended Response" that I deem a sur-reply, "[t]he decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the Court." *Lu v. Lezell*, 45 F. Supp. 3d 86, 91 (D.D.C. 2014). Furthermore, "leave to amend a complaint 'shall be freely given when justice so requires,'" *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 877 (D.C. Cir. 1993) (quoting *Wyant v. Crittenden*, 113 F.2d 170, 175 (D.C. Cir. 1940), a principle "particularly appropriate when the party seeking to amend is permitted to proceed in forma pauperis and, because of his circumstances, does so without benefit of counsel." *Id.* While Giant contends that any amendment would be futile, Response 1-5, I disagree for the reasons that follow.

4

alleges his union breached its duty of fair representation." Mot. Dismiss 6; *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37 (1987) ("courts have jurisdiction to enforce collective-bargaining contracts; but where the contract provides grievance and arbitration procedures, those procedures must first be exhausted and courts must order resort to the private settlement mechanisms without dealing with the merits of the dispute").

Nevertheless, federal district courts do have jurisdiction to consider a direct suit if a union employee raises dual allegations: that (1) that the employer has breached the CBA and (2) that the employee's union has breached its duty of fair representation. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-5 (1983) ("In such an instance, an employee may bring suit . . . notwithstanding the outcome or finality of the grievance or arbitration proceeding."). As Giant considers it beyond question that Mr. Parks' allegations effectively assert a breach of the CBA's terms, and Mr. Parks himself makes some reference to his union status, it is certainly a reasonable inference from the pleadings that the Plaintiff is alleging a breach of the CBA. As for the second required prong, Mr. Parks has claimed that "[a]s for the Union[,] they are in bed with the company and have always been no help." Am. Response 3. Construing this assertion liberally as I must, I conclude that Mr. Parks has asserted both a breach of the CBA and a breach of the union's duty to provide fair representation. Accordingly, Mr. Parks' claims regarding his pay survive this motion to dismiss.

**C. Plaintiff's Retaliation Claims Are Preempted**

However, Mr. Parks' assertions that Giant retaliated against him because he filed a complaint (or complaints) with the National Labor Relations Board will be dismissed, because they are subject to the exclusive jurisdiction of that body. *See* Mot. Dismiss 11-13. Mr. Parks alleges that after he "complain[ed] and filed [a] retaliation suit" regarding inadequate wages, he

5

"was threatened by a manager[,] transferred and written up[,] then terminated." Compl. 1; *see also* Opp. 1-2; Am. Response 2-3. The Supreme Court has held that "[w]hen an activity is arguably subject to Section 7 or Section 8 of the [National Labor Relations] Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board." *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959). Although a federal district court might still have jurisdiction if the conduct subject to the NLRA "also constitutes a breach of a collective-bargaining agreement," *William E. Arnold Co. v. Carpenters Dist. Council*, 417 U.S. 12, 16 (1974), or is "primarily contractual" rather than "primarily representational" in nature, *Dist. No. 1, Pac. Coast Dist., Marine Engineers' Beneficial Ass'n, AFL-CIO v. Liberty Mar. Corp.*, 815 F.3d 834, 840-41 (D.C. Cir. 2016), the retaliation claims in this case fall squarely within the NLRA's protections.

Section 7 of the National Labor Relations Act (NLRA) preserves employees' rights "to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in the other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157. Section 8, in turn, makes it "an unfair labor practice for an employer . . . to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in [Section 7]," or "*to discharge or otherwise discriminate against an employee because he has filed charges* or given testimony under this subchapter." 29 U.S.C. § 158(a)(1), (a)(4) (emphasis added). Section 8's prohibition on retaliation because an employee "has filed charges . . . under this subchapter" clearly applies to Mr. Parks' case, 29 U.S.C. § 158(a)(4), and Section 7 likely applies too. "Invoking a grievance procedure pursuant to a collective bargaining agreement is clearly a protected § 7 right, albeit a derivative right, because the collective bargaining agreement is the result of

concerted activities by the employees for their mutual aid and protection." *Keokuk Gas Serv. Co. v. N.L.R.B.*, 580 F.2d 328, 333 (8th Cir. 1978) (internal quotation marks and citation omitted).[2]

I therefore find that Mr. Parks' retaliation claims are subject to the exclusive jurisdiction of the NLRB under *Garmon* preemption, and I will thus "defer to the exclusive competence of the National Labor Relations Board" on these questions. *Garmon*, 359 U.S. at 245.

## D. Plaintiff's Religious Discrimination Claim Fails to State a Claim

As for Mr. Parks' fleeting allegations of religious discrimination, he has failed to plead sufficient facts from which I could infer liability, to the extent he intends to raise this as a claim at all. Mr. Parks only mentions this allegation in passing, saying that Giant "started . . . not letting [him] practice [his] religion in which [sic] [he] filed an EEOC claim," Opp. 2, and that he "was . . . denied the opportunity to attend church." Am. Response 2. Although a *pro se* complaint is "held to less stringent standards," the plaintiff still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. 679). Thus, a complaint containing only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" cannot withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. With nothing but conclusions about what occurred factually, Mr. Park's religious discrimination allegations fail to state a claim.[3]

---

[2] Indeed, another judge in this district recently reached the same conclusion in a similar case that also featured Giant as a defendant. *See Jackson v. Teamsters Local Union 922*, 991 F. Supp. 2d 71, 79 (D.D.C. 2014) (Boasberg, J.) ("This claim alleges that 'Plaintiffs filed a grievance . . . and that 'because Plaintiffs had filed their grievances and engaged in protected activity, Giant refused . . . to recall and/or rehire [them].' Am. Compl., ¶¶ 230, 233. . . . Plaintiffs' retaliation claim is preempted by the NLRA.").

[3] Mr. Parks' filings contain other cursory allegations of physical danger, (e.g., "They started putting my life in danger . . . I had to go to the doctor due to being asked to stand in front of a bail," Opp. 2), and of other wrongs such as not being allowed to attend his foster son's funeral.

## IV. Conclusion

For these reasons, the Defendant's Motion to Dismiss will be denied as to Mr. Parks' claims regarding his pay, but granted as to Mr. Parks' claims of retaliation and religious discrimination. A separate order will issue.

Dated: February 15, 2018

TREVOR N. MCFADDEN
United States District Judge

---

*Id.* To the extent that Mr. Parks alleges that Giant's actions were retaliatory, those claims are subject to the NLRB's exclusive jurisdiction, as discussed in section IIIC. To the extent that they are stand-alone claims, Mr. Parks has failed to plead sufficient factual matter from which I might infer liability.

8